```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TEXAS
 2                       AUSTIN DIVISION

 3  RACHEL MILLER, TEXAS DEMOCRATIC PARTY,  ) AU:19-CV-01071-LY
    DNC SERVICES CORP., DSCC, DCCC,         )
 4                                          )
        Plaintiffs,                         )
 5                                          )
    V.                                      ) AUSTIN, TEXAS
 6                                          )
    RUTH HUGHS,                             )
 7                                          )
        Defendant.                          ) NOVEMBER 22, 2019
 8
              *********************************************
 9              TRANSCRIPT OF TELEPHONE CONFERENCE
                 BEFORE THE HONORABLE LEE YEAKEL
10            *********************************************

11  APPEARANCES:

12  FOR THE PLAINTIFFS:  ELISABETH C. FROST (VIA TELEPHONE)
                         PERKINS COIE LLP
13                       700 THIRTEENTH STREET, N.W., SUITE 600
                         WASHINGTON, D.C. 20005-3960
14
    FOR THE DEFENDANT:   PATRICK K. SWEETEN (VIA TELEPHONE)
15                       TEXAS ATTORNEY GENERAL
                         300 WEST 15TH STREET, 9TH FLOOR
16                       AUSTIN, TEXAS 78701

17                       TODD LAWRENCE DISHER (VIA TELEPHONE)
                         OFFICE OF THE ATTORNEY GENERAL OF TEXAS
18                       P.O. BOX 12548
                         AUSTIN, TEXAS 78711
19
    COURT REPORTER:      ARLINDA RODRIGUEZ, CSR
20                       501 WEST 5TH STREET, SUITE 4152
                         AUSTIN, TEXAS 78701
21                       (512) 391-8791

22

23

24  Proceedings recorded by computerized stenography, transcript

25  produced by computer.
```

```
09:30:36   1        (In chambers)
09:30:36   2              MR. SWEETEN:  Patrick Sweeten and Todd Disher are
09:30:39   3   here for the Secretary of State.  And thank you, Katie, for
09:30:41   4   arranging all of this.
09:30:44   5              MS. FROST:  Elisabeth Frost is here for the
09:30:46   6   plaintiffs, and I think a few of my colleagues are also on the
09:30:49   7   line.
09:30:56   8              THE COURT:  Okay.  Good morning.
09:31:01   9              MR. SWEETEN:  Good morning, Judge Yeakel.
09:31:03  10              MS. FROST:  Good morning, Your Honor.
09:31:04  11              THE COURT:  So this case is already developing way
09:31:07  12   too much weight for what is involved in it, but what I'm
09:31:13  13   concerned about this morning is:  Tell me what you have
09:31:18  14   discussed and what you can or cannot agree on regarding
09:31:24  15   scheduling for the response to the application for preliminary
09:31:27  16   injunction and, one, why we actually even need a preliminary
09:31:32  17   injunction since it appears to me that the issue not really
09:31:40  18   going to come up until next November, so I don't see much
09:31:44  19   urgency here.
09:31:48  20              MS. FROST:  Your Honor --
09:31:49  21              MR. SWEETEN:  Your Honor, Patrick Sweeten on behalf
09:31:52  22   of the State.  It's our motion.  What we're -- and I agree with
09:31:56  23   the Court, that what they're speaking seeking is -- and they
09:32:04  24   stated the intention of having some sort of relief at the time
09:32:07  25   of the November election.  And, Your Honor, they even -- during
```

09:32:10 1  the course over the discussions in this matter, they even

09:32:13 2  offered to withdraw the preliminary injunction.

09:32:17 3          And so, in light of that, with our Monday deadline

09:32:20 4  for filing a response and given the fact that the injunction

09:32:26 5  itself is laden with expert reports, with legal theories, with

09:32:32 6  affidavits from eight -- I think it's nine total people,

09:32:36 7  including four experts -- and most of this is dumped in from a

09:32:41 8  case that they just tried this summer, Your Honor, we're -- the

09:32:44 9  relief that we came to this Court seeking is a continuance of

09:32:48 10  that response date.

09:32:51 11          And so I agree on the first instance, that I think

09:32:54 12  that we can probably have a status conference, you know,

09:32:58 13  sometime at later time after the parties are at issue and we

09:33:02 14  file our responses by this Court's order, ECF 21, on December

09:33:08 15  12th.  The State plans to file a motion to dismiss.

09:33:11 16          And if the only urgency is their claim that, you

09:33:16 17  know, they want to have some sort of ruling by this Court

09:33:21 18  before the November elections, then we could certainly take up

09:33:24 19  these scheduling issues, you know, at a later time other than

09:33:30 20  this singular response date, which is what we're seeking to

09:33:33 21  have continued.

09:33:35 22          And so -- and, Your Honor, I can give you a whole lot

09:33:38 23  more about the background of this case.  These lawyers have

09:33:42 24  filed two cases against the State this month.  We were served

09:33:46 25  with them two weeks ago.  They have already tried this case in

09:33:51 1 Florida, and they just got a decision from their court Friday

09:33:56 2 last week.

09:33:59 3      We are seeing the same experts in this case, and they

09:34:01 4 are attempting to press the State and keep the State from being

09:34:07 5 able to, you know, marshal a defense, from analyzing these

09:34:11 6 opinions, from analyzing this report by what I would call a

09:34:18 7 rope-a-dope with a preliminary injunction, which they basically

09:34:21 8 told us that they'd be willing to take down if we'd agreed to

09:34:23 9 their schedule of a trial in four months -- in four months with

09:34:28 10 an expert disclosure deadline for the State at the end of

09:34:32 11 December.

09:34:32 12      So that would give us, based on their proposal,

09:34:35 13 40 days to meet their expert opinions on a case that we got two

09:34:46 14 weeks ago.  So those are the concerns of the State, Your Honor.

09:34:48 15 I can certainly elaborate on any other points that the Court

09:34:50 16 would want to hear from us about this issue.

09:34:54 17      THE COURT:  All right.  Let me hear from the

09:34:56 18 plaintiff.

09:34:57 19      MS. FROST:  Yes, Your Honor.  This is

09:35:00 20 Elisabeth Frost.

09:35:00 21      I think the difficulty here in elections cases, it's

09:35:04 22 difficult for plaintiffs to know exactly how far ahead of the

09:35:07 23 election they need to get in order to prevail in order for it

09:35:14 24 to be effective.  So, you know, in the past, if the State is

09:35:17 25 willing to say, yes, you know, if we get an order by X date,

09:35:20 1  then I think I agree, Your Honor, that we don't need to do a

09:35:23 2  preliminary injunction application.  I think the question is,

09:35:26 3  you know, when is that date and can we work back from that?

09:35:30 4  That's why we suggested two alternatives.

09:35:34 5          One, you know, is the extension of time which is

09:35:38 6  proposed.  And, frankly, I think when all is said and done, I

09:35:42 7  expect the opposition and that most of the issues in this case

09:35:45 8  are going to be legal ones, not factual ones, because in this

09:35:49 9  particular area there's just a whole rash of cases that have,

09:35:53 10  you know, been found -- ballot order effect is just not really

09:35:58 11  disputed anymore.

09:35:59 12          But, you know, that being said, we want to do this in

09:36:02 13  a way that, you know, avoids duplication of work, and we don't

09:36:07 14  want to put the State in a position where they don't feel like

09:36:11 15  they have time to respond.  So the reason we teed this up for

09:36:15 16  preliminary injunction application, frankly, is usually when we

09:36:19 17  file these things we get the argument:  You filed too late;

09:36:22 18  there's not enough time; you know, we plan for our election so

09:36:26 19  far in advance that we can't possibly do that.

09:36:28 20          The Secretary isn't saying that in this case.  And if

09:36:32 21  there is, you know, a date by which the Secretary would

09:36:36 22  acknowledge that, you know, if a remedy were entered in our

09:36:42 23  favor it could be addressed in advance of the November

09:36:44 24  election, then we're certainly willing to proceed on that kind

09:36:49 25  of a schedule instead.  It would, I think, be an expedited

| | | |
|---|---|---|
| 09:36:53 | 1 | schedule. But, Your Honor, obviously, that's something that we |
| 09:36:57 | 2 | would defer to you and I think would love to hear from the |
| 09:37:01 | 3 | Secretary as to what her position is on that timing issue. |
| 09:37:05 | 4 | MR. SWEETEN: Your Honor -- |
| 09:37:06 | 5 | THE COURT: No. Wait just a minute. Let me ask this |
| 09:37:08 | 6 | question: When is the deadline for printing the ballots for |
| 09:37:12 | 7 | November 2020 election? |
| 09:37:15 | 8 | MR. SWEETEN: Your Honor, we've spoken with our |
| 09:37:17 | 9 | client about this, and the Secretary of State's role in this is |
| 09:37:22 | 10 | that what they do is they -- this is my understanding -- is |
| 09:37:25 | 11 | they certify the candidates that will appear on the ballots |
| 09:37:28 | 12 | 67 days before the election. They do not prepare the ballots. |
| 09:37:34 | 13 | They do direct the counties on how to prepare -- no. They |
| 09:37:37 | 14 | don't direct the counties on how to prepare the ballots other |
| 09:37:41 | 15 | than by citing the statute in this case. So the counties then |
| 09:37:44 | 16 | take that information and prepare the ballots, and, as I |
| 09:37:47 | 17 | understand it, the counties have to mail the ballots to voters |
| 09:37:51 | 18 | that live abroad 45 days before the election. |
| 09:37:56 | 19 | And, Your Honor, if I can -- if I can respond to -- |
| 09:38:00 | 20 | THE COURT: Well, what -- no. No. Not yet. |
| 09:38:03 | 21 | MR. SWEETEN: Yes, sir. |
| 09:38:04 | 22 | THE COURT: Why don't you just guess, then, when the |
| 09:38:06 | 23 | ballots have to be printed, because we have had a lot of |
| 09:38:10 | 24 | elections historically, so there is knowledge out there about |
| 09:38:14 | 25 | how early the counties generally print the ballots. So what do |

| | | |
|---|---|---|
| 09:38:20 | 1 | you think is the latest the counties would print the ballots in |
| 09:38:25 | 2 | order to comply with the law that you've just stated? |
| 09:38:32 | 3 | MR. SWEETEN:  Well, Judge Yeakel, I think it would be |
| 09:38:35 | 4 | somewhere between the 67 days out from the date of the |
| 09:38:38 | 5 | election. |
| 09:38:38 | 6 | THE COURT:  How about giving me a date? |
| 09:38:41 | 7 | MR. SWEETEN:  Okay.  Let me see if I can -- I can |
| 09:38:43 | 8 | give you that.  Yes, sir. |
| 09:39:25 | 9 | Your Honor, I would say late August is probably |
| 09:39:27 | 10 | the -- the best guess that we have right now.  And, of course, |
| 09:39:31 | 11 | Your Honor, I mean, we can address and we can get specifics |
| 09:39:35 | 12 | on -- on, you know, some of this information at a later status |
| 09:39:39 | 13 | conference where we -- where we lay these issues out. |
| 09:39:43 | 14 | THE COURT:  Well -- |
| 09:39:45 | 15 | MR. SWEETEN:  But that's our answer, is that we think |
| 09:39:47 | 16 | that late August -- |
| 09:39:48 | 17 | THE COURT:  All right.  That's fine.  Let me make |
| 09:39:52 | 18 | some observations.  Number one, I applaud the plaintiffs, if |
| 09:39:57 | 19 | they were going to bring this suit, for bringing it early to |
| 09:40:00 | 20 | where we have time to deal with it.  I don't often get adequate |
| 09:40:06 | 21 | time in election cases to deal with things.  There is adequate |
| 09:40:10 | 22 | time to deal with the case. |
| 09:40:13 | 23 | I do not believe that I need to conduct a hearing on |
| 09:40:16 | 24 | a request for a preliminary injunction.  I think we can dispose |
| 09:40:20 | 25 | of this case within six months.  I think that gives everybody |

09:40:24  1   adequate time to get it briefed and get it prepared.

09:40:28  2           So here is what I'm going to suggest to you-all, and

09:40:33  3   we can either then go ahead and discuss it now or we can get

09:40:36  4   off the line and you-all can discuss it among yourselves:  I

09:40:42  5   propose that the plaintiff either withdraw the request for

09:40:46  6   preliminary injunction, or I dismiss it without prejudice, and

09:40:50  7   that you-all agree and prepare a proposed scheduling order that

09:40:57  8   has this case ending no later than June the 30th of 2020.

09:41:02  9           And that gives anybody who wants to go to the Circuit

09:41:07  10  adequate time to get there.  It should factor in enough time,

09:41:14  11  if the State's going to file a motion to dismiss, for it to be

09:41:18  12  filed and I look at.  And if -- if I were to overrule it, that

09:41:23  13  also gives adequate time for you to agree on a date for a bench

09:41:28  14  trial in this case.

09:41:30  15          I tend to agree there are not going to be many, if

09:41:33  16  any, disputed fact issues, and I think those can be determined

09:41:38  17  by statements, affidavits, and the whole matter can be argued

09:41:48  18  on the law if it survives the motion to dismiss.

09:41:55  19          So, now, let me get your reaction to that.

09:42:01  20          MS. FROST:  Your Honor, from the plaintiff's

09:42:02  21  perspective, I think we would be willing -- that sounds like it

09:42:07  22  would work for us and we would withdraw the preliminary

09:42:10  23  injunction, just reserving our right to renew it, obviously, if

09:42:13  24  something happens, you know, in the scheduling or something

09:42:16  25  that's discovered that indicates that, in fact, that's not

09:42:19 1  going to be sufficient time to get relief.

09:42:23 2      MR. SWEETEN:  Your Honor, the State's position on

09:42:26 3  that would be that, you know, we certainly can work with

09:42:30 4  counsel towards a trial date of roughly June 30th.  We do think

09:42:37 5  there are significant facts that have to be developed with

09:42:40 6  respect to this.  We think there are -- you know, we read some

09:42:45 7  of the opinions of these experts, and we definitely think that

09:42:48 8  we are going to have to, you know, put on some factual evidence

09:42:53 9  of those -- of many of the opinions that were offered and

09:42:57 10 they're intending to offer.

09:42:58 11     But, all that said, I think -- I think we can work

09:43:03 12 with a June final trial schedule and work with counsel to see

09:43:08 13 when we can set deadlines and then bring any disputes on those

09:43:12 14 issues to this Court.

09:43:14 15     THE COURT:  All right.  Well, June is not -- you

09:43:17 16 know, June can slide a little bit into early July.  So don't

09:43:22 17 worry about, you know, when I said by June 30th, that doesn't

09:43:26 18 mean you have to schedule a trial date on June the 30th.

09:43:29 19     But what I want you to do is sit down and work out an

09:43:38 20 agreed schedule that gets us to a bench trial sometime in late

09:43:45 21 June, early July.  Suggest a date.  I don't think it will take

09:43:49 22 more than one day to present everything in this case.  If I --

09:43:54 23 if I can't accommodate your date, because we're very busy here,

09:43:58 24 I will move it ever so slightly.  But it will be right at the

09:44:03 25 period that you propose and give yourselves time to get this

```
09:44:08   1   ready to go.

09:44:11   2           I do not worry as much as you-all worry about expert

09:44:15   3   reports.  Experts have a way of offsetting one another, and I

09:44:19   4   don't give them a whole lot of weight.  What I am primarily

09:44:23   5   interested in this case and want to know -- and you may have

09:44:29   6   already pleaded it -- is the historical background of how long

09:44:34   7   we've been doing it this way and why it has only now become a

09:44:38   8   problem.

09:44:41   9           But what I'm going to do is let you-all go and, by a

09:44:52  10   week from Monday, because we've got the Thanksgiving holiday

09:44:58  11   interfering, I want to see a proposed scheduling order that

09:45:03  12   schedules out everything you want to do, which ends in a bench

09:45:08  13   trial not to exceed one day right around the end of June.  And

09:45:14  14   schedule your date for filing a motion to dismiss and a date

09:45:22  15   for responding to it, and make that pretty soon.

09:45:27  16           I want to dispose of the motion to dismiss as early

09:45:31  17   as I can so, if I grant the motion to dismiss, the plaintiffs

09:45:35  18   have plenty of time to get to the Circuit and see what they're

09:45:39  19   going to do and we can still stay on this schedule.  If I deny

09:45:43  20   the motion to dismiss, well, then of course we're on this

09:45:47  21   schedule.

09:45:48  22           But I don't want you to push the motion to dismiss

09:45:51  23   date down the line because, if I'm going to overrule it, I want

09:45:56  24   to get it done and I want the State to answer so we can stay on

09:46:00  25   this schedule and finish all of this somewhere around the end
```

```
09:46:04   1    of June.
09:46:07   2              So can you get that done by Monday week?
09:46:13   3              MR. SWEETEN:  Yes, Your Honor --
09:46:15   4              MS. FROST:  Yes, Your Honor.
09:46:15   5              MR. SWEETEN:  -- we can.
09:46:16   6              THE COURT:  All right.  Well, let's do that.  And
09:46:18   7    work into that schedule -- or you can just submit me the
09:46:27   8    schedule, and then if the plaintiffs will then file a
09:46:31   9    withdrawal or file a motion to withdraw the request for
09:46:35  10    preliminary injunction and a proposed order with my granting
09:46:40  11    that without prejudice to the plaintiffs refiling, will you do
09:46:45  12    that?
09:46:47  13              MS. FROST:  Yes, Your Honor.  We'll do that.
09:46:48  14              THE COURT:  All right.  Well, let's do that.  And try
09:46:50  15    to get -- you know, now that we have electronic filing, lawyers
09:46:56  16    believe the day ends at 11:59.  Try to get me something by
09:47:00  17    mid-afternoon Monday week so I can get it calendared, because I
09:47:06  18    have a lot of demands on my calendar time and I'm going to have
09:47:11  19    any number of people between now and then that are going to
09:47:14  20    want probably the dates I've been telling you about.
09:47:16  21              So get all of that in.  I'm not going to sign an
09:47:19  22    order to this effect, but get me all the documents by
09:47:22  23    mid-afternoon on Monday week.
09:47:25  24              MS. FROST:  Yes, Your Honor.
09:47:28  25              THE COURT:  All right.  Anything else while I have
```

09:47:29  1  you-all on the phone?

09:47:30  2         MR. SWEETEN:  Nothing from the Secretary, Your Honor.

09:47:33  3         MS. FROST:  Nothing from the plaintiffs.  Thank you,

09:47:35  4  Your Honor.

09:47:35  5         THE COURT:  All right.  Well, thank you-all, and

09:47:37  6  everybody have a good Thanksgiving break.

09:47:39  7     (End of transcript)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1 **UNITED STATES DISTRICT COURT      )**

2 **WESTERN DISTRICT OF TEXAS         )**

3     I, Arlinda Rodriguez, Official Court Reporter, United

4 States District Court, Western District of Texas, do certify

5 that the foregoing is a correct transcript from the record of

6 proceedings in the above-entitled matter.

7     I certify that the transcript fees and format comply with

8 those prescribed by the Court and Judicial Conference of the

9 United States.

10    WITNESS MY OFFICIAL HAND this the 27th day of

11 November 2019.

12

13                          /S/ Arlinda Rodriguez
                            Arlinda Rodriguez, Texas CSR 7753
14                          Expiration Date:  10/31/2021
                            Official Court Reporter
15                          United States District Court
                            Austin Division
16                          501 West 5th Street, Suite 4152
                            Austin, Texas 78701
17                          (512) 391-8791

18

19

20

21

22

23

24

25