IN THE UNITED STATES DISTRIC COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RACHEL MILLER; TEXAS DEMOCRATIC PARTY; DNC SERVICES CORP., d/b/a DEMOCRATIC NATIONAL COMMITTEE; DSCC; and DCCC,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUTH HUGHS, in her official capacity as the Texas Secretary of State,<br><br>*Defendant*. | CIVIL ACTION NO. 1:19-cv-01071 |

**THE TEXAS SECRETARY OF STATE'S RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In *Rucho v. Common Cause*, the Supreme Court explained that sometimes "the judicial department has no business entertaining [a] claim of unlawfulness—because the question is entrusted to one of the political branches or involves no judicially enforceable rights." 139 S. Ct. 2484, 2494 (2019) (quotation omitted). Such claims present nonjusticiable "political questions" because they are "outside the courts' competence and therefore beyond the courts' jurisdiction." *Id.* "Among the political question cases the Court has identified are those that lack 'judicially discoverable and manageable standards for resolving [them].'" *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 217 (1962)).

The Secretary asserted in her motion to dismiss that Plaintiffs' claims attacking the Ballot Order Statute present political questions, not judicial ones, and should therefore be dismissed. MTD 15-16; *see also* Reply 7-8. Plaintiffs recently filed a notice of supplemental authority contending *Democratic National Committee v. Hobbs*, No. 18-15845, 2020 WL 414448 (9th Cir. Jan. 27, 2020) (en banc), undermines the Secretary's argument that the political question doctrine bars Plaintiffs' claims. *See* Pls.' Not. Supp. Auth. (ECF 41). *Hobbs* is irrelevant.

As the plaintiffs acknowledge, the Ninth Circuit did not discuss the political question doctrine. *See* Not. 2. The case is therefore not precedent on the political question doctrine, even within the Ninth Circuit. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011) ("When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed.").

*Hobbs* is also inapposite. It analyzed claims of racial discrimination under Section 2 of the Voting Rights Act. *See Hobbs*, 2020 WL 414448, at *2–3. Here, Plaintiffs do not allege racial discrimination. Instead, they assert discrimination based on "political party affiliation." Compl. ¶ 22. For the political question doctrine, the difference between race and political party is material. *See Rucho*, 139 S. Ct. at 2497, 2502. That is why the Supreme Court frequently hears cases involving racial gerrymandering, *see, e.g.*, *Abbott v. Perez*, 138 S. Ct. 2305 (2018), but holds "that partisan gerrymandering claims present political questions beyond the reach of the federal courts." *Rucho*, 139 S. Ct. at 2506–07.

Plaintiffs' Notice misstates the Secretary's position. No one argues that all statutes that "further partisan interests" are immune from all forms of scrutiny. Not. 2. Of course, a law that happens to "further partisan interests" can be challenged on the ground that it is also racially discriminatory. *See Hobbs*, 2020 WL 414448, at *3. But here, Plaintiffs' claims focus on the partisan interests allegedly being furthered. That is why the Secretary argues that Plaintiffs' claims, like the ones *Rucho* but unlike the ones in *Hobbs*, ask the Court to consider whether alleged partisan interests were taken "too far" without defining a "fair" baseline from which to measure departures. MTD 15–16; Reply 7–8.

The Court should hold that Plaintiffs' claims are barred by the political question doctrine. Because *Hobbs* does not speak to that issue, it has no bearing here.

| | |
|---|---|
| Date: February 4, 2020 | Respectfully submitted. |
| | |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Associate Deputy for Special Litigation |
| JEFFREY C. MATEER<br>First Assistant Attorney General | MATTHEW H. FREDERICK<br>Deputy Solicitor General |
| RYAN L. BANGERT<br>Deputy Attorney General for Legal Counsel | WILLIAM T. THOMPSON<br>Special Counsel for Civil Litigation |
| | MICHAEL R. ABRAMS<br>Assistant Attorney General |
| | DOMINIQUE G. STAFFORD<br>Assistant Attorney General |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-076)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1414<br>Fax: (512) 936-0545<br>patrick.sweeten@oag.texas.gov<br>matthew.frederick@oag.texas.gov<br>will.thompson@oag.texas.gov<br>michael.abrams@oag.texas.gov<br>dominique.stafford@oag.texas.gov |
| | **COUNSEL FOR THE TEXAS SECRETARY OF STATE** |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on February 4, 2020, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN