| | |
|---|---|
| RACHEL MILLER; TEXAS DEMOCRATIC PARTY; DNC SERVICES CORP., d/b/a DEMOCRATIC NATIONAL COMMITTEE; DSCC; and DCCC, <br><br> Plaintiffs, <br><br> v. <br><br> RUTH HUGHS, in her official capacity as the Texas Secretary of State, <br><br> Defendant. | Civil Action No. 1:19-cv-01071-LY |

**PLAINTIFFS' OPPOSED MOTION FOR A LIMITED PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26 and 30, Plaintiffs Rachel Miller, Texas Democratic Party, DNC Services Corp., d/b/a Democratic National Committee, DSCC, and DCCC (collectively, "Plaintiffs") move for the entry of a limited protective order to prohibit the Secretary from imposing unwarranted and unnecessary burdens on Plaintiffs and their experts, as follows:

**INTRODUCTION**

The Federal Rules permit no more than one deposition of a deponent in a proceeding, except by stipulation or with leave of court. The Secretary has indicated she intends to depose Plaintiffs' expert in the next few weeks and then again if he files a rebuttal report that responds to any as-yet-to-be filed reports by the Secretary's own expert witnesses. Plaintiffs have no objection to a deposition now (in fact, Plaintiffs have offered February 18, March 2, or March 16 as dates when the expert can be available for this purpose) but advised the Secretary's counsel that Plaintiffs will not then agree to having him deposed again, after rebuttal reports are produced. That Plaintiffs' expert may produce a rebuttal report responsive to the Secretary's own expert reports,

which are not due until April 3, is expressly contemplated by the Court's Scheduling Order, which set staggered deadlines for expert reports. The Secretary's position—that she is entitled to depose Plaintiffs' expert immediately *and* a second time if he produces a rebuttal report on the timeline set by the Court—is not consistent with the Federal Rules or ordinary practice. What the Secretary suggests would unduly burden Plaintiffs and their experts, as well as the Court, with entirely avoidable, time-consuming, duplicative discovery and related eleventh-hour disputes that may risk delaying the trial, seriously prejudicing Plaintiffs who seek relief for the November 2020 election.

Plaintiffs do not ask the Court to rule that there are no circumstances under which a party may be permitted to depose an individual more than once. Rather, Plaintiffs request that the Court clarify that under the instant circumstances, the Secretary may not conduct discovery so as to depose Plaintiffs' experts twice based on the timely production of rebuttal reports. Ruling on this issue now will avoid predictable but unnecessary and time-consuming disputes in the final weeks of discovery that will drive up the costs of this litigation and risk seriously prejudicing Plaintiffs through avoidable delay.

## BACKGROUND

Plaintiffs challenge Texas's Ballot Order Statute, Tex. Elec. Code § 52.091(b), which mandates that all candidates who share their party affiliation with the last-elected governor must be listed first on the ballot in every partisan race in every general election that follows. Thus, because Republican Greg Abbott was elected Governor in 2018, all Republican candidates will be listed first on every general election ballot in Texas until at least 2023. This is of great consequence for Plaintiffs, who include Democratic Party entities and voters, because of a phenomenon known as "position bias" or "primacy effect," which, in elections, has been repeatedly shown to give the first-listed candidate a substantial electoral advantage, merely as a result of being listed first.

As the Court previously recognized, Plaintiffs filed this case well in advance of the November election for which they seek relief. *See* Nov. 22, 2019 Hr'g Tr. 7:17-22 (ECF No. 29). Shortly thereafter, Plaintiffs moved for a preliminary injunction, supported by a number of expert reports. *See* Pls.' Mot. for Prelim. Inj. (ECF No. 19); *see also* App. to Pls.' Mot. for Prelim. Inj. (ECF No. 20). One was by Dr. Darren Grant, discussing his findings on the existence and extent of the ballot order effect in Texas primary elections. Grant Expert Rpt. (ECF No. 20-6). When the Secretary sought a broad extension of time to respond to the preliminary injunction motion, Plaintiffs explained that they filed the motion to ensure that this matter could be resolved with time to implement a meaningful remedy in advance of the November election, but did not object to the expedition of trial on the merits if the Secretary confirmed that would allow sufficient time to implement relief. *See* Pls.' Resp. to Def.'s Mot. for Extension of Time ¶ 1 (ECF No. 23). Plaintiffs expressed serious concern that the extension sought by the Secretary would impose unnecessary delay and require needless duplication of effort by the parties and the Court. *See id.* ¶¶ 1, 8.

The Court held a conference, the result of which was Plaintiffs' withdrawal of the preliminary injunction motion based on confirmation by the Secretary's counsel that there was sufficient time to implement a remedy for the election if the Court had a trial in or before July. *See* ECF No. 29 at 8:20-9:1; *see also* Pls.' Unopposed Mot. to Withdraw Mot. for Prelim. Inj. (ECF No. 25); Order Granting Pls.' Unopposed Mot. to Withdraw Mot. for Prelim. Inj. (ECF No. 27). The parties both subsequently proposed schedules that contemplated an expedited discovery period with staggered dates for expert reports, but the parties differed on the specific proposed deadlines for the Secretary's reports and Plaintiffs' rebuttal reports. *See id.* at 2-4.

The Court adopted the schedule proposed by the Secretary. *See* Scheduling Order (ECF No. 30). As a result, the Secretary's expert reports are due on April 3, 2020, and Plaintiffs have

until April 24, 2020, to file any rebuttal reports. *See id*. at 2. The discovery deadline is May 15, the deadline for dispositive and *Daubert* motions follows shortly on May 22, and a two-day bench trial is set for July 20 and 21. *See id*.

On January 22, the Secretary's counsel requested to depose Dr. Grant in February. *See* Ex. A at 9. Plaintiffs' counsel responded that they were happy to arrange the deposition but would not agree to having Plaintiffs' experts deposed twice, noting that the Scheduling Order contemplated rebuttal reports being served in late April. *Id.* at 8-9. Over the next week, Plaintiffs' counsel attempted to obtain a direct answer as to whether the Secretary was in fact contemplating two depositions of Dr. Grant. *Id.* at 1-8. The Secretary has continuously avoided the question; in fact, in response to the specific question of whether the Secretary intends to take a second deposition of Dr. Grant if he files a rebuttal report addressing issues raised in the Secretary's own expert reports, *id*. at 1-2, the Secretary's counsel has twice failed to answer at all.[1] The Secretary's non-answer strongly indicates that this is in fact the plan. As a result, Plaintiffs seek the instant limited protective order, which the Secretary opposes.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 30 provides that, unless granted leave by the Court or with the opposing party's agreement, a party may not depose the same deponent more than once. Fed. R. Civ. P. 30(a)(2)(A)(ii). Thus, the Rules set a clear expectation that, except in unusual circumstances, deponents may only be subject to a deposition once in a proceeding. This is

---

[1] As the email correspondence attached to this motion illustrates, after the Secretary's counsel repeatedly responded to Plaintiffs' inquiries with circuitous non-answers, Plaintiffs' counsel asked the question simply, and directly. Twice. First last Friday, February 7, and after receiving no answer, again yesterday on February 10. Ex. A. at 1-2. As of this filing, Plaintiffs still have not received a response to either email.

[2] In the meantime, Plaintiffs have agreed to make Dr. Grant available for a deposition in Huntsville on February 18, March 2, or March 16. *See id.* at 1.

consistent with the parties' responsibilities to employ the Rules "to secure the just, speedy, and inexpensive determination of every action," and not to "over-use, misuse, [or] abuse . . . procedural tools that increase cost and result in delay." Fed. R. Civ. P. 1, comments to 2015 Amend. The Court has broad discretion to enter protective orders to enforce the Federal Rules. *See Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989).

## ARGUMENT

A limited protective order is warranted here, where the Secretary plainly intends to depose Dr. Grant twice should he file a rebuttal report on the schedule contemplated by the Court's Scheduling Order. Plaintiffs have no objection to producing Dr. Grant for a deposition, but strongly object to two separate depositions of Dr. Grant under these circumstances. In another action, the Court's involvement in this dispute may be able to wait until the Secretary sought a second deposition. But in these proceedings, where the proceedings have been substantially expedited for the express purpose of obtaining a resolution in advance of a coming election, and the Scheduling Order leaves little time between the rebuttal report deadline and the close of discovery, addressing this now will avoid unnecessary expense, avoidable eleventh-hour discovery disputes, and potentially highly prejudicial delay.

In the parties' discussions, the Secretary's counsel has repeatedly avoided the direct question of whether they intend to conduct two depositions of Dr. Grant. *See* Ex. A at 1-2 (Plaintiffs' counsel twice asking the question directly, but receiving no response). The only response that the Secretary has offered is to insinuate that any analysis or opinions that Dr. Grant might offer in a rebuttal report would be impermissible, and thus would give the Secretary grounds to take a second deposition. The Secretary fails to identify any authority that supports this position. None of the cases she has cited in the parties' conferences have anything to do with taking two depositions of expert witnesses; instead, they consider when expert opinion testimony may be

excluded. The Secretary appears to infer from these cases that any additional opinions or analyses in a rebuttal report would effectively constitute a new report necessitating either a new deposition or exclusion of the new material. But this is not the law.

In fact, none of the cases that the Secretary cites support her exceedingly narrow view of what is appropriately included in rebuttal reports, and for good reason. *Of course* experts may include additional information that responds to the other side's reports in rebuttals, that is what a rebuttal is for. One of the cases that the Secretary's counsel cited in the parties' conferences recognizes exactly that: *Crowley v. Chait*, 322 F. Supp. 2d 530 (D.N.J. 2004), involved a question of whether to exclude certain rebuttal evidence at trial in a Bleak House-esque proceeding that had been ongoing for nearly twenty years. The party seeking the exclusionary order argued that because the expert "could have included" the material in earlier reports, the new information should be barred. *Id*. at 551. The court disagreed, finding that this argument too narrowly construed what an expert may properly include in a report on rebuttal. To the contrary, the court explained, it is not at all appropriate to "automatically exclude anything an expert could have included in his or her original report," because "[s]uch a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material. *All that is required is for the information to repel other expert testimony*[.]" *Id*. (emphasis added). Where the rebuttal material "repel[led] other expert testimony," the court *denied* the motion to exclude. *Id.* Thus, if anything, *Crowley* clearly indicates that the Secretary *should expect* that, if Dr. Grant files a rebuttal report, it may properly include additional information that responds to critiques by the Secretary's experts.

The other cases that the Secretary relies upon similarly consider whether to exclude expert testimony, and neither is apposite to the situation here. In *Lubanski v. Coleco Indus., Inc.*, 929 F.2d 42, 47 (1st Cir. 1991), the First Circuit reviewed a decision to prohibit the plaintiff from introducing previously undisclosed evidence in the rebuttal stage at trial, which it found was within the trial court's sound exercise of its discretion. In *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 570-71 (5th Cir. 1996), the Fifth Circuit reviewed a district court's discretionary decision to exclude expert testimony, it did not abuse its discretion because the defense's initial expert reports were so "incomplete and insubstantial" that they failed to comply with the court's order requiring the parties to simultaneously produce reports compliant with the court's scheduling order. *See id.* at 571 (describing reports as consisting of "a one-and-a-half page outline listing" the expert's "'points of testimony,'" two that provided only one or two paragraphs relating to the experts' opinions, and another that contained no substantive opinions at all, instead simply declaring what subjects the expert intended "to research and . . . discuss at trial"). Under no stretch of the imagination can Dr. Grant's report, which carefully describes research he previously conducted regarding Texas's ballot order statutes—and which was previously published in a peer review journal—be characterized as remotely similar to those reports.

Finally, the Secretary's reliance on these cases, which address when and whether expert testimony should be *excluded*, itself misunderstands a basic tenet of our adversarial system. Exclusion is disfavored and normally only follows a clear violation of rules that effectively render the opposing party unable to obtain their own experts in opposition or prepare for cross-examination. *See Southard v. Tex. Bd. of Criminal Justice*, 159 F.3d 1356 (5th Cir. 1998); *see also E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 116 (5th Cir. 1993). In this case, however, there are *no* allegations that Plaintiffs' expert reports are in any way insufficient and, if the Secretary

wants an opportunity to test all of the information Plaintiffs' expert reports, the staggered Scheduling Order lets her know exactly when she will have all of that information. She can choose to depose Dr. Grant now, but that strategic litigation choice does not give her a right to depose him later pursuant to a rebuttal report expressly anticipated by the Scheduling Order. Indeed, courts have denied motions for leave to take a second deposition of a witness under circumstances where the party seeking that leave had far less information than the Secretary here has to guide her decision. *Cf. Kern v. Hershberger*, No. 4:09CV264, 2010 WL 11531142, at *1 (E.D. Tex. May 27, 2010) (denying motion for leave to take second deposition of witness who had previously been deposed as a lay witness and was later designated as an expert).

In comparison to the void of support for the Secretary's position, the Federal Rules and federal precedent make clear that parties have an obligation not to over-use, misuse, or abuse the discovery process. The 2015 Amendments to Rule 26(b), which specifically incorporated the proportionality component into the threshold definition of the permissible scope of discovery, were meant to re-emphasize not only the parties' obligations to avoid excessive discovery, but the Court's duty to police it. *See, e.g.*, Fed. R. Civ. P. 1; Fed. R. Civ. P. 26; *Vinet v. BP Explor. & Prod., Inc.*, No. 18-9527, 2019 WL 3574294, at *4 (E.D. La. Aug. 6, 2019). "'The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery . . . and to encourage judges to be more aggressive in identifying and discouraging discovery overuse.'" *Vinet*, 2019 WL 3574294, at *4 (quoting Official Advisory Committee Notes to Federal Rules) (internal alterations omitted). Another way that the Federal Rules ensure that this obligation is honored is by putting limitations on the number of depositions that a party may take and generally prohibiting more than one deposition of the same deponent court. *See* Fed. R. Civ. P. 30.

When a party seeks leave to take depositions unrestricted by these limitations, courts ask not whether the *additional* deposition is necessary, but whether the *preceding* depositions were necessary. *See Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001); *see also Kansas City S. Railway Co. v. Nichols Constr. Co.*, LLC, No. 05-1182, 2008 WL 11351311, at *2 (E.D. La. Oct. 2, 2008) (finding that "[r]equiring a party to be re-deposed is unreasonably cumulative and duplicative where, as here, the plaintiff has already had an ample opportunity to obtain the information it seeks"). The rationale is plain and it applies equally here: a party may not circumvent the limitations on discovery in the Federal Rules, which are "intended to control discovery, with its attendant costs and potential for delay," simply by pursuing a litigation strategy that they prefer but that ignores the limitations set forth in the Rules or the anticipated course of further discovery.

To permit the Secretary to proceed with a deposition of Plaintiffs' expert now under the impression that she may then freely seek to depose him a second time after rebuttal reports are produced would only encourage the overuse of depositions, needlessly waste the time and resources of the parties, and risk delay of these proceedings or otherwise entirely avoidable discovery disputes in the final weeks of the discovery period. The Court should make it clear that this redundant and excessive approach to discovery will not be tolerated and enter the limited protective order sought by Plaintiffs to this end.

## CONCLUSION

For all of the reasons discussed, Plaintiffs request a limited protective order stating that a party will not be permitted leave to take a second deposition of an expert in these proceedings based on the entirely predictable fact that the expert files a rebuttal report, as contemplated by the Court's Scheduling Order. A party may seek to take the depositions of another's experts at any point in the discovery period, but if that party makes the choice to do so before all of the anticipated

expert reports are prepared and served under the Scheduling Order, it is knowingly waiving its right to depose the expert on those later-filed reports.

Dated this 11th day of February 2020.

Respectfully submitted,

*/s/ Skyler M. Howton*
Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
showton@perkinscoie.com

Marc E. Elias*
Elisabeth C. Frost*
John M. Geise*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
efrost@perkinscoie.com
jackianderson@perkinscoie.com
jgeise@perkinscoie.com

Abha Khanna*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
akhanna@perkinscoie.com

Gillian Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone: (310) 788-3245
Facsimile: (310) 843-1244
gkuhlmann@perkinscoie.com

*Counsel for the Plaintiffs*
*\*Admitted Pro Hac Vice*

Chad W. Dunn, TX# 24036507
Brazil & Dunn, LLP
4407 Bee Caves Road, Suite 111
Austin, Texas 78746
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

*Counsel for Plaintiff Texas Democratic Party*

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that prior to filing this motion, Plaintiffs' counsel conferred with counsel for Defendant, who oppose this motion. As demonstrated in the email exchange attached as Exhibit A, from January 24 to February 10, the parties engaged in email correspondence discussing Plaintiffs' concerns that Defendant would improperly seek a second deposition of Dr. Darren Grant after he submits his rebuttal expert report on April 24, and Plaintiffs' belief that a protective order is warranted if Defendant is unable or unwilling to give assurances that it does not intend to take two depositions of Dr. Grant. Plaintiffs' counsel also called Defendant's counsel, Patrick Sweeten, on February 6 and 7 to confer over the phone, but those calls were not answered.

*/s/ Skyler M. Howton*
Skyler M. Howton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Skyler M. Howton*
Skyler M. Howton