# EXHIBIT A

| From: | Sweeten, Patrick |
|---|---|
| To: | Geise, John (Perkins Coie); Thompson, William; Howton, Skyler (Perkins Coie); Elias, Marc (Perkins Coie); Kuhlmann, Gillian (Perkins Coie); Frost, Elisabeth C. (Perkins Coie); Khanna, Abha (Perkins Coie); chad@brazilanddunn.com |
| Cc: | Abrams, Michael; Laurent, David; Thompson, William; Hunker, Kathleen; Stafford, Dominique |
| Subject: | RE: Miller v. Hughs |
| Date: | Tuesday, February 11, 2020 6:19:48 PM |

John,

Regarding the scheduling of Dr. Grant's deposition, we will accept March 16th for Dr. Grant's deposition and will take it in Huntsville, Texas as you have requested. We will send notice in a separate email.

Additionally, we would like to go ahead and schedule Plaintiff Miller's deposition. Please advise if she is available for a deposition on March 4th or 5th.

As to the issue you raised regarding an additional deposition of Dr. Grant, for starters we haven't seen the rebuttal report Dr. Grant intends to provide. We have, however, made our position abundantly clear in prior correspondence and exhaustively addressed this issue. For example, we stated:

- "Our position has been that we want to depose Dr. Grant on his opinions, which should be contained in the report already served" (Sweeten email 2/7/20).

- "A rebuttal deadline is not intended to provide an extension of deadline or serve as de facto bolstering of an original expert disclosure" ( Sweeten email 2/4/20).

- "Rule 26(a)(2)(B)(1) places specific demands on a party including that an initial expert report should contain a "complete statement of all opinions this witness will express and the basis and reasons for them." ( Sweeten email 2/7/20).

- "Our intention is to take Dr. Grant's deposition regarding "all opinions this witness will express and the basis and reasons for them." ( Sweeten email 2/4/20).

- "… if Dr. Grant later adds "additional opinions," as your email of January 29 suggested he might ("[i]t is entirely predictable (indeed, the court's scheduling order expressly contemplates) that Dr. Grant might have some additional opinions (and basis and reasons for them) in response to those reports, which he is entitled to lay out in a rebuttal report."), then we would reserve the right to depose him on new opinions." ( Sweeten email 2/4/20).

It is impossible for us to predict what Dr. Grant will convey in his report. Whether we will notice a second deposition of Dr. Grant depends on whether his previously-served report contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). But we do not intend to notice a deposition based on the filing of a rebuttal report "alone."

Please let me know about the proposed dates for Ms. Miller's deposition.

Best Regards,

Patrick

---

**From:** Geise, John (Perkins Coie) <JGeise@perkinscoie.com>
**Sent:** Monday, February 10, 2020 3:08 PM
**To:** Sweeten, Patrick <Patrick.Sweeten@oag.texas.gov>; Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (Perkins Coie) <SHowton@perkinscoie.com>; Elias, Marc (Perkins Coie) <MElias@perkinscoie.com>; Kuhlmann, Gillian (Perkins Coie) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (Perkins Coie) <EFrost@perkinscoie.com>; Khanna, Abha (Perkins Coie) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>; Thompson, William <Will.Thompson@oag.texas.gov>; Hunker, Kathleen <Kathleen.Hunker@oag.texas.gov>; Stafford, Dominique <Dominique.Stafford@oag.texas.gov>
**Subject:** RE: Miller v. Hughs

Patrick:

Unfortunately February 24th and 25th are not workable. Dr. Grant is available for deposition in Huntsville on February 18, March 2, or March 16. Please let us know which of these days would work best for you.

I have not heard back from you in response to my question in my email on Friday afternoon. So that we properly understand your position prior to filing the motion for a protective order, please clarify: Are you saying that you do not intend to seek a second deposition of Dr. Grant if he files a rebuttal report addressing issues raised in your own expert reports?

Thanks,

John

**John M. Geise | Perkins Coie LLP**
Associate, Political Law Group
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6300
E. JGeise@perkinscoie.com

---

**From:** Geise, John (WDC)
**Sent:** Friday, February 7, 2020 3:09 PM
**To:** 'Sweeten, Patrick' <Patrick.Sweeten@oag.texas.gov>; Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (DAL) <SHowton@perkinscoie.com>; Elias, Marc (WDC) <MElias@perkinscoie.com>; Kuhlmann, Gillian (LOS) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (WDC) <EFrost@perkinscoie.com>; Khanna, Abha (SEA) <AKhanna@perkinscoie.com>;

[chad@brazilanddunn.com](mailto:chad@brazilanddunn.com)
**Cc:** Abrams, Michael <[Michael.Abrams@oag.texas.gov](mailto:Michael.Abrams@oag.texas.gov)>; Laurent, David <[David.Laurent@oag.texas.gov](mailto:David.Laurent@oag.texas.gov)>; Thompson, William <[Will.Thompson@oag.texas.gov](mailto:Will.Thompson@oag.texas.gov)>; Hunker, Kathleen <[Kathleen.Hunker@oag.texas.gov](mailto:Kathleen.Hunker@oag.texas.gov)>; Stafford, Dominique <[Dominique.Stafford@oag.texas.gov](mailto:Dominique.Stafford@oag.texas.gov)>
**Subject:** RE: Miller v. Hughs

Patrick,

Thank you. We'll look into those dates.

I was to make sure I understand your position prior to filing this motion. Are you saying that you do not intend to seek a second deposition of Dr. Grant if he files a rebuttal report addressing issues raised in your own expert reports?

Thanks,

John

**John M. Geise | Perkins Coie LLP**
Associate, Political Law Group
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6300
E. [JGeise@perkinscoie.com](mailto:JGeise@perkinscoie.com)

---

**From:** Sweeten, Patrick <[Patrick.Sweeten@oag.texas.gov](mailto:Patrick.Sweeten@oag.texas.gov)>
**Sent:** Friday, February 7, 2020 2:34 PM
**To:** Geise, John (WDC) <[JGeise@perkinscoie.com](mailto:JGeise@perkinscoie.com)>; Thompson, William <[Will.Thompson@oag.texas.gov](mailto:Will.Thompson@oag.texas.gov)>; Howton, Skyler (DAL) <[SHowton@perkinscoie.com](mailto:SHowton@perkinscoie.com)>; Elias, Marc (WDC) <[MElias@perkinscoie.com](mailto:MElias@perkinscoie.com)>; Kuhlmann, Gillian (LOS) <[GKuhlmann@perkinscoie.com](mailto:GKuhlmann@perkinscoie.com)>; Frost, Elisabeth C. (WDC) <[EFrost@perkinscoie.com](mailto:EFrost@perkinscoie.com)>; Khanna, Abha (SEA) <[AKhanna@perkinscoie.com](mailto:AKhanna@perkinscoie.com)>; [chad@brazilanddunn.com](mailto:chad@brazilanddunn.com)
**Cc:** Abrams, Michael <[Michael.Abrams@oag.texas.gov](mailto:Michael.Abrams@oag.texas.gov)>; Laurent, David <[David.Laurent@oag.texas.gov](mailto:David.Laurent@oag.texas.gov)>; Thompson, William <[Will.Thompson@oag.texas.gov](mailto:Will.Thompson@oag.texas.gov)>; Hunker, Kathleen <[Kathleen.Hunker@oag.texas.gov](mailto:Kathleen.Hunker@oag.texas.gov)>; Stafford, Dominique <[Dominique.Stafford@oag.texas.gov](mailto:Dominique.Stafford@oag.texas.gov)>
**Subject:** RE: Miller v. Hughs

Mr. Geise,

I did receive your voice mail from yesterday and this morning. I had a hearing this morning and was out of the office. I am available to talk this afternoon, should you wish to contact me.

We were not on the same page regarding the location of Dr. Grant's deposition. Because you had not specified a preference regarding location, we were planning to take the deposition in Austin. Nevertheless, we are happy to travel to Huntsville to take Dr. Grant's deposition, but I

will need to check on whether this new logistical issue will impact our ability to take the deposition on the 18th.  In the meantime, can you check on the alternative deposition dates offered of February 24th or 25th, which may be preferable in any event given the location change and your indication you are intending to seek an advisory ruling from the Court.

Regarding your motion for a protective order, it sounds like you've changed your position.  We have never suggested an intent to notice a second deposition of Dr. Grant based on the filing of a rebuttal report "alone."  If that is what your motion would seek to avoid, as your email below suggests, your motion is completely unnecessary.  Our position has been that we want to depose Dr. Grant on his opinions, which should be contained in the report already served. As my email of January 28 and February 4th noted, Rule 26(a)(2)(B)(1) places specific demands on a party including that an initial expert report should contain a "complete statement of all opinions this witness will express and the basis and reasons for them."

Of course, if Dr. Grant later adds "additional opinions," as your email of January 29 suggested he might ("[i]t is entirely predictable (indeed, the court's scheduling order expressly contemplates) that Dr. Grant might have some additional opinions (and basis and reasons for them) in response to those reports, which he is entitled to lay out in a rebuttal report."), then we would reserve the right to depose him on new opinions. As best I can tell, we have a disagreement only if you still hold to the view that Defendant would not be entitled to depose Dr. Grant on "additional opinions" contained in a rebuttal report.  Even if you do, the disagreement will remain hypothetical unless and until Dr. Grant includes such new opinions in a rebuttal report and Defendant decides a new deposition is needed.  Because those things might never happen, I don't see any reason for you to file your motion now, but that is up to you.

Finally, I reject your characterization of our discovery efforts.  Deposing the other side's expert is a normal part of discovery, not "the over-use, misuse, and abuse of procedural tools."  Remember, it was Plaintiffs who sought an expedited schedule.  Given that schedule, it should hardly come as a surprise that we are trying to move expeditiously to undertake needed discovery.


Best Regards,

Patrick K. Sweeten



**From:** Geise, John (Perkins Coie) <JGeise@perkinscoie.com>
**Sent:** Friday, February 7, 2020 11:04 AM
**To:** Sweeten, Patrick <Patrick.Sweeten@oag.texas.gov>; Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (Perkins Coie) <SHowton@perkinscoie.com>; Elias, Marc (Perkins Coie) <MElias@perkinscoie.com>; Kuhlmann, Gillian (Perkins Coie) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (Perkins Coie) <EFrost@perkinscoie.com>; Khanna, Abha (Perkins Coie) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Disher, Todd <Todd.Disher@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>

**Subject:** RE: Miller v. Hughs

Patrick,

I've left messages with you over the past few days, first yesterday (2/6), and second this morning (2/7) in an effort to discuss this further, but have not heard back.

I wanted to discuss two things with you.

First, I wanted to make sure that we were on the same page and both understand that Dr. Grant's deposition on February 18 would be in Huntsville. Please let us know as soon as you can where you intend to have the deposition take place and what time you would hope to begin.

Second, consistent with our prior communications about this, if you intend to proceed with Dr. Grant's deposition now, we will be seeking a protective order from the Court to make it clear that, should Dr. Grant file a rebuttal report as contemplated by the Court's schedule, that alone will not be sufficient to entitle the Secretary to a second deposition of Dr. Grant. We think the rules are clear in this regard, that the cases you cite are inapposite, and that the approach you plan to take is also contrary to the obligation to avoid the over-use, misuse, and abuse of procedural tools that increase cost and result in delay.

Feel free to call me back to discuss and please let us know whether you oppose the motion. We intend to file by 5 p.m. CST and will consider the motion opposed unless we hear otherwise.

Thanks,

John

**John M. Geise | Perkins Coie LLP**
Associate, Political Law Group
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6300
E. JGeise@perkinscoie.com

---

**From:** Sweeten, Patrick <Patrick.Sweeten@oag.texas.gov>
**Sent:** Tuesday, February 4, 2020 6:04 PM
**To:** Geise, John (WDC) <JGeise@perkinscoie.com>; Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (DAL) <SHowton@perkinscoie.com>; Elias, Marc (WDC) <MElias@perkinscoie.com>; Kuhlmann, Gillian (LOS) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (WDC) <EFrost@perkinscoie.com>; Khanna, Abha (SEA) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Disher, Todd <Todd.Disher@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** RE: Miller v. Hughs

John,

Thank you for checking on Dr. Grant's availability. February 18 works for us.

We do not agree with your characterization of rebuttal reports. In your email of January 29, you asserted, "[i]t is entirely predictable (indeed, the court's scheduling order expressly contemplates) that Dr. Grant might have some additional opinions (and basis and reasons for them) in response to those reports, which he is entitled to lay out in a rebuttal report." As my email of January 28 noted, Rule 26(a)(2)(B)(1) places specific demands on a party including that an initial expert report should contain a "complete statement of all opinions this witness will express and the basis and reasons for them." The First Circuit has held that "[r]ebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out in [the] opponent's case in chief." *Lubanski v. Coleco Industries, Inc*., 929 F.2d 42, 47 (1st Cir. 1991). A rebuttal deadline is not intended to provide an extension of deadline or serve as de facto bolstering of an original expert disclosure. The Fifth Circuit has held, the "purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement." *Sierra Club v. Cedar Point Oil Co., Inc*., 73 F.3d 546, 571 (5th Cir. 1996). They are "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Id.* And in *Crowley v. Chait*, the court stated that "[r]ebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party and is "not an opportunity for the correction of any oversights in the plaintiff's case in chief." 322 F. Supp. 2d 530, 551 (D. N.J. 2004).

Our intention is to take Dr. Grant's deposition regarding "all opinions this witness will express and the basis and reasons for them." We are aware of the rebuttal deadline adopted by the Court and the allowable scope of a rebuttal report. However, as noted in my email of January 28, the State reserves the right to re-depose him as necessary regarding any new undisclosed opinions should they emerge.

If you want to raise this issue with the Court now, you have that option. But to us, it seems premature. After all, if Dr. Grant refrains from offering new opinions in any rebuttal report, then we will not seek a second deposition. In that scenario, our disagreement would be academic.

Regarding the motion to dismiss, we are available on March 9th, but would not

object to a hearing on March 9, 12, 13, 16, 17, 18, or 19.

Best Regards,

Patrick K. Sweeten

---

**From:** Geise, John (Perkins Coie) <JGeise@perkinscoie.com>
**Sent:** Tuesday, February 4, 2020 2:34 PM
**To:** Sweeten, Patrick <Patrick.Sweeten@oag.texas.gov>; Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (Perkins Coie) <SHowton@perkinscoie.com>; Elias, Marc (Perkins Coie) <MElias@perkinscoie.com>; Kuhlmann, Gillian (Perkins Coie) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (Perkins Coie) <EFrost@perkinscoie.com>; Khanna, Abha (Perkins Coie) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Disher, Todd <Todd.Disher@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** RE: Miller v. Hughs

Hi Patrick,

Following up on your request, Dr. Grant can be available to be deposed on February 18th. Please let us know your position on the issue below, and whether we should go ahead and schedule that deposition, with the understanding you will not depose Dr. Grant again without leave of court.

In addition, unfortunately, we are not available on the date that the judge just set for the hearing on the motion to dismiss (Monday, March 9) and will need to move to reschedule. Before we do, we wanted to confer with you to see if we could jointly offer the court dates when both sides are available. We are available the Friday before (March 6), the latter half of the week when the judge set the hearing (March 12-13), or any day the following week (March 16-20). Please let us know if you have conflicts with any of those days, and whether you will oppose our motion to reschedule to one of those days. We intend to file our request tomorrow.

Thanks,

John

**John M. Geise | Perkins Coie LLP**
**Associate, Political Law Group**
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6300
E. JGeise@perkinscoie.com

---

**From:** Geise, John (WDC)
**Sent:** Friday, January 31, 2020 12:31 PM

**To:** 'Sweeten, Patrick' <Patrick.Sweeten@oag.texas.gov>; 'Thompson, William' <Will.Thompson@oag.texas.gov>; Howton, Skyler (DAL) <SHowton@perkinscoie.com>; Elias, Marc (WDC) <MElias@perkinscoie.com>; Kuhlmann, Gillian (LOS) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (WDC) <EFrost@perkinscoie.com>; Khanna, Abha (SEA) <AKhanna@perkinscoie.com>; 'chad@brazilanddunn.com' <chad@brazilanddunn.com>
**Cc:** 'Disher, Todd' <Todd.Disher@oag.texas.gov>; 'Abrams, Michael' <Michael.Abrams@oag.texas.gov>; 'Laurent, David' <David.Laurent@oag.texas.gov>
**Subject:** RE: Miller v. Hughs

Patrick,

I wanted to let you know that we are continuing to follow up on the dates you proposed. Dr. Grant has a minor surgical procedure which needs to be scheduled in February and he should have a confirmed date for that after he sees his doctor early next week. Once we hear back from Dr. Grant on that one outstanding issue we will get back to you on availability.

Thanks,

John

**John M. Geise | Perkins Coie LLP**
Associate, Political Law Group
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6300
E. JGeise@perkinscoie.com

---

**From:** Geise, John (WDC)
**Sent:** Wednesday, January 29, 2020 2:49 PM
**To:** 'Sweeten, Patrick' <Patrick.Sweeten@oag.texas.gov>; Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (DAL) <SHowton@perkinscoie.com>; Elias, Marc (WDC) <MElias@perkinscoie.com>; Kuhlmann, Gillian (LOS) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (WDC) <EFrost@perkinscoie.com>; Khanna, Abha (SEA) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Disher, Todd <Todd.Disher@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** RE: Miller v. Hughs

Patrick,

We are looking into those dates and will get back to you as soon as we can. But while we are doing that, I am concerned by your response. Dr. Grant has not seen your expert reports yet. It is entirely predictable (indeed, the court's scheduling order expressly contemplates) that Dr. Grant might have some additional opinions (and basis and reasons for them) in response to those reports, which he is entitled to lay out in a rebuttal report. So your response to our email is a non-answer. I want to be sure we are on the same page before we schedule this deposition in February, as you have requested. By doing this, you are making a choice to depose our expert now, and not later. The

Federal Rules support our position, and the ordinary procedure in federal cases is for the parties to depose the other side's expert only once. You can choose to depose our expert now and have the benefit of his testimony before your expert reports are due, but then you do not get to depose him after his rebuttal report.  Or, you can wait to depose him until after all the expert reports are in. That is your choice but we are not going to permit two depositions absent a court order. If you are taking the position – which your email seems to imply you might be – that you are entitled to depose Dr. Grant now, and then you get a second bite after his rebuttal report comes in (which by design would address issues raised by your own experts in reports they have not yet filed) then we think we should raise this with the Court now. Please let me know if we have misunderstood your position.

**John M. Geise | Perkins Coie LLP**
Associate, Political Law Group
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6300
E. JGeise@perkinscoie.com

---

**From:** Sweeten, Patrick <Patrick.Sweeten@oag.texas.gov>
**Sent:** Tuesday, January 28, 2020 2:18 PM
**To:** Geise, John (WDC) <JGeise@perkinscoie.com>; Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (DAL) <SHowton@perkinscoie.com>; Elias, Marc (WDC) <MElias@perkinscoie.com>; Kuhlmann, Gillian (LOS) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (WDC) <EFrost@perkinscoie.com>; Khanna, Abha (SEA) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Disher, Todd <Todd.Disher@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** RE: Miller v. Hughs

John,

Thanks for your email.

We trust that Dr. Grant's report contains " a complete statement of all opinions this witness will express and the basis and reasons for them" as required by Rule 26 (a)(2)(B)(I,) but reserve the right to re-depose him as necessary, as to any new undisclosed opinions should they emerge.

As far as dates, we are available  February  11th , 12th, 13th ,  18th, 24th and 25th.

Please let us know by Thursday at noon, which of the above dates works.

Best Regards,

Patrick K. Sweeten

---

**From:** Geise, John (Perkins Coie) <JGeise@perkinscoie.com>
**Sent:** Friday, January 24, 2020 11:07 AM
**To:** Thompson, William <Will.Thompson@oag.texas.gov>; Howton, Skyler (Perkins Coie)

<SHowton@perkinscoie.com>; Elias, Marc (Perkins Coie) <MElias@perkinscoie.com>; Kuhlmann, Gillian (Perkins Coie) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (Perkins Coie) <EFrost@perkinscoie.com>; Khanna, Abha (Perkins Coie) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Sweeten, Patrick <Patrick.Sweeten@oag.texas.gov>; Disher, Todd <Todd.Disher@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** RE: Miller v. Hughs

Will,
We are happy to arrange for Dr. Grant's deposition, but before we spend a lot of time trying to figure out schedules on this end in response to this specific request, I want to make sure that there is no misunderstanding.
We will not agree to having our experts deposed twice. So if you want to depose Dr. Grant now, we can find a time that works, but if your intention is to depose him now and then depose him again after rebuttal reports come in at the end of April, know that we will strongly oppose that. It is a waste of resources and time, and not at all in keeping with the federal rules. If we have to get this sorted with the judge now, let us know, and we can do that so that all the parties have the same expectations in this regard going forward.
In addition the dates you gave us are pretty limited. Please let us know if there are any other dates that would work.

**John M. Geise | Perkins Coie LLP**
Associate, Political Law Group
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6300
E. JGeise@perkinscoie.com

**From:** Thompson, William <Will.Thompson@oag.texas.gov>
**Sent:** Wednesday, January 22, 2020 4:47 PM
**To:** Geise, John (WDC) <JGeise@perkinscoie.com>; Howton, Skyler (DAL) <SHowton@perkinscoie.com>; Elias, Marc (WDC) <MElias@perkinscoie.com>; Kuhlmann, Gillian (LOS) <GKuhlmann@perkinscoie.com>; Frost, Elisabeth C. (WDC) <EFrost@perkinscoie.com>; Khanna, Abha (SEA) <AKhanna@perkinscoie.com>; chad@brazilanddunn.com
**Cc:** Sweeten, Patrick <Patrick.Sweeten@oag.texas.gov>; Disher, Todd <Todd.Disher@oag.texas.gov>; Abrams, Michael <Michael.Abrams@oag.texas.gov>; Laurent, David <David.Laurent@oag.texas.gov>
**Subject:** Miller v. Hughs

Counsel,

We would like to depose Dr. Darren Grant. We are available, in either Austin or Huntsville, February 10–13. Would one of these dates work for Dr. Grant?

Please contact me if you would like to discuss.

Best regards,

Will Thompson
Special Counsel for Civil Litigation
Office of the Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-2567

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.