UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RACHEL MILLER; TEXAS DEMOCRATIC PARTY; DNC SERVICES CORP., d/b/a DEMOCRATIC NATIONAL COMMITTEE; DSCC; and DCCC,<br><br>Plaintiffs,<br><br>v.<br><br>RUTH HUGHS, in her official capacity as the Texas Secretary of State,<br><br>Defendant. | Civil Action No. 1:19-cv-01071-LY |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR A LIMITED PROTECTIVE ORDER**

The Secretary continues in her effort to invent the law out of whole cloth, maintaining her position that should Dr. Grant's rebuttal report, which will be in response to a report he has not yet seen and has no basis to conjecture at the contents of, contains any new information, that will entitle the Secretary to a second deposition of Dr. Grant. This is not the law, and the Secretary is not entitled to seek a deposition of Dr. Grant now, before his rebuttal report, while maintaining some imagined right to seek a second deposition later should his report cross an arbitrary boundary which the Secretary has concocted. Given the compressed discovery schedule in this matter, the Court should issue a limited protective order now to resolve this dispute. Should the Secretary wish to proceed with her scheduled deposition of Dr. Grant that is her prerogative, but she should do so with the clear understanding that she only gets one bite of the apple.[1] In addition, the Secretary's response indicates that she may now be taking the position that the schedule that she

---

[1] As noted by the Secretary, Dr. Grant's deposition is now expected to take place on March 16.

1

proposed to the Court will not afford sufficient time for relief. *See* Resp. at 2 n.1. If that is in fact the case, the Secretary should state so clearly now, so that Plaintiffs may renew their application for a preliminary injunction, which was withdrawn clearly and solely because the Secretary's counsel clearly indicated to the Court that a decision in August would leave sufficient time to implement a remedy.

## ARGUMENT

### A. The Secretary's assertion regarding her right to depose Dr. Grant if his rebuttal report contains additional information is legally baseless.

The Secretary ignores all of the precedent cited in Plaintiff's Motion for a Protective Order regarding when a party is and is not entitled to a second deposition, instead incorrectly maintaining that the language of Rule 26 itself permits her a second deposition of Dr. Grant should his rebuttal report, which will be written to respond to a report he has not yet seen, contain additional information. But the Secretary fails to explain why Rule 26, standing alone, should permit a second deposition in this circumstance, and the case law is unequivocal: a second deposition is the *exception*, not the rule, and the Court looks to whether the first deposition is necessary. *See* ECF No. 45 at 8-9. It is highly likely that Dr. Grant will need to include something additional in his rebuttal report to address a new argument raised by the Secretary's expert. Indeed, the case law that the Secretary cited in the parties' attempts to meet and confer over this issue makes it clear that any other rule "would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material." *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004).[2] It is entirely permissible for Dr. Grant

---

[2] In her response in opposition to the motion for a protective order, the Secretary wisely abandons reliance on this case.

2

to file a rebuttal report that includes information that "repel[s] other expert testimony" not yet filed, the Court's Scheduling Order (which adopted the proposed schedule submitted by the Secretary) expressly contemplates that he may, and the Secretary must either accept that possibility in making the choice to proceed with Dr. Grant's currently scheduled deposition, or wait and take Dr. Grant's deposition following his rebuttal report. Taking his deposition now with the expectation of a right to take his deposition again is anathema to the limitations on discovery in the Federal Rules, which are "intended to control discovery, with its attendant costs and potential for delay." ECF No. 45 at 9. The Court should make clear that the Secretary cannot abuse discovery in this manner.

> **B. Plaintiffs seeks a protective order based on an entirely predictable, if not inevitable, scenario**

The Secretary stridently maintains that the scenario in which she might seek a second deposition is a hypothetical, and so the Court should not rule now, but the Secretary's continued obfuscation of her position shows the near inevitability of the scenario Plaintiffs request that this Court guard against. Plaintiffs asked the Secretary twice prior to filing their motion whether she would seek a second deposition of Dr. Grant merely based on his rebuttal report responding to arguments raised in the Secretary's response report, and the Secretary refused to answer. *See* ECF No. 45-1 at 1-2. One searches the Secretary's response motion in vain for an answer to this straightforward question, as the Secretary purposefully dodges the issue by continuing to state she will not seek a second deposition of Dr. Grant based on the filing of his rebuttal report "alone," ECF No. 46 at 4, which simply means the Secretary will not seek a second deposition solely because of the mere act of filing a rebuttal report. At the same time, the Secretary clearly maintains the position that she believes she is entitled to seek a second deposition dependent upon what is *contained* in that rebuttal report. The Secretary is engaged in creative wordsmithing in order to set

3

the groundwork for taking Plaintiffs' experts' deposition twice. She should be dissuaded from this notion now, so as not to cause unnecessarily delay and complicate discovery and these proceedings later.

> **C. If the Secretary wants to question Dr. Grant on all of the information contained in both of his reports, she can wait for his rebuttal report.**

Should the Secretary wish to question Dr. Grant regarding the entire scope of his arguments, she remains free to have her single deposition of him occur following the filing of his rebuttal report. That she may need to conduct a number of expert depositions in three weeks based on a schedule which she agreed to previously (indeed, a schedule that she proposed to the Court) is hardly a justification for her to have one chance to depose him now, and one to depose him later. *See* ECF No. 46 at 3. If the Secretary is concerned about expert deposition scheduling following rebuttal reports, Plaintiffs are happy to begin coordinating that scheduling now rather than waiting and encountering unnecessary delay, but the Secretary's piecemeal approach to deposing Dr. Grant now, leaving open the possibility of a second deposition, and suggesting the Court can resolve this issue at a later date suggests delay may actually be her goal.

Further, while the limited timeframe between rebuttal reports and the close of discovery provides no basis for the Secretary's arguments here, it does provide further justification for this Court to resolve this issue now. Simply put, waiting to decide this dispute until the Secretary inevitably seeks a second deposition of Dr. Grant three weeks before the close of discovery in this case risks prolonging discovery, unnecessarily escalating the costs of this litigation, and thoroughly wasting the Court's and the parties' time. Given the expedited timeframe for this matter, the Court should instead decide this question now so that both parties have clarity as they begin noticing and scheduling depositions, and so that this dispute does not unnecessarily hinder this case moving forward.

### D. The Secretary should be required to clearly state her current position on whether the schedule allows the Court adequate time to issue an order and for a remedy to be implemented if this matter is tried in July.

Finally, in regards to scheduling, the Secretary's misrepresentation of the parties' interactions with the Court regarding the scheduling of this matter is deeply concerning. *See* ECF No. 46 at 2 n.1. At the November 22, 2019 hearing the Court held on this matter, Plaintiffs explicitly stated that they had sought to move on a preliminary basis in this matter in order to have relief in time for the November 2020 election. Hr'g Tr. 4:19–6:3. It was then that the Court asked the Secretary by when a decision would be needed to afford relief, and the Secretary's counsel eventually answered that relief could be afforded if a decision was issued in late August. *Id*. 6:5-7:16. Based on that representation, the Court proposed that Plaintiffs withdraw their preliminary injunction and the trial in this matter proceed to trial on an expedited basis. *Id*. 7:17-8:19. Plaintiffs also agreed to the Court's proposal regarding the withdrawal of their preliminary injunction based on the Secretary's representation, expressly reserving the right to renew their motion should the Secretary's position about when relief was needed change. *Id*. 8:20-9:1; *see also* Dec. 2, 2019 Order (granting motion to withdraw application without prejudice and expressly stating "Plaintiffs retain their right to renew the application or file an amended application for a preliminary injunction at a later date, should they determine it necessary to protect their interests") (ECF No. 27). In other words, the entirety of the scheduling of this case up until this point was based on the Secretary's representation regarding timing, and if the Secretary now maintains that representation was incorrect those decisions should be revisited and the Secretary should explain why she misled Plaintiffs and this Court.

### II. CONCLUSION

For all of the reasons discussed, Plaintiffs request the Court grant the limited protective order they previously requested. *See* ECF No. 45 at 9-10.

Dated this 21st day of February, 2020.	Respectfully submitted,

*/s/ Skyler M. Howton*
Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
showton@perkinscoie.com

Marc E. Elias*
Elisabeth C. Frost*
John M. Geise*
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
efrost@perkinscoie.com
jackianderson@perkinscoie.com
jgeise@perkinscoie.com

Abha Khanna*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
akhanna@perkinscoie.com

Gillian Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: (310) 788-3245
Facsimile: (310) 843-1244
gkuhlmann@perkinscoie.com

*Counsel for the Plaintiffs*
*\*Admitted Pro Hac Vice*

Chad W. Dunn, TX# 24036507
Brazil & Dunn, LLP
4407 Bee Caves Road, Suite 111

Austin, Texas 78746
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

*Counsel for Plaintiff Texas Democratic Party*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Skyler M. Howton*
Skyler M. Howton