# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RACHEL MILLER; TEXAS DEMOCRATIC PARTY; DNC SERVICES CORP., d/b/a DEMOCRATIC NATIONAL COMMITTEE; DSCC; and DCCC, <br> Plaintiff, <br> V. <br><br> RUTH HUGHS, in her official capacity as the Texas Secretary of State, <br> Defendant. | § § § § § § § § § § § | A-19-CV-1071 -LY |

## ORDER

Before the court is Plaintiffs' Opposed Motion for a Limited Protective Order (Dkt. #45) and all related briefing. Having reviewed the parties' submissions and the applicable case law, the court determines that a hearing is not necessary. Based on the foregoing, the court **DENIES** the motion.

Plaintiffs filed suit to challenge Texas's statutory requirement that candidates who share their political party with that of the last-elected Governor be listed first on general election ballots. Dkt. #1 (Compl.) at ¶ 21, n.3. Plaintiffs filed this motion in response to Defendant's request to depose one of Plaintiffs' experts after opening expert reports are served but before rebuttal reports are served. Dkt. #45 at 4. "Plaintiffs request a limited protective order stating that a party will not be permitted leave to take a second deposition of an expert in these proceedings based on the entirely predictable fact that the expert files a rebuttal report, as contemplated by the Court's Scheduling Order." *Id.* at 9. However, Plaintiffs contend they do not ask the court to rule "that there are no circumstances under which a party may be permitted to depose an individual more than once" and instead "request that the Court clarify that under the

1

instant circumstances, the Secretary may not conduct discovery so as to depose Plaintiffs' experts twice based on the timely production of rebuttal reports." Dkt. #45 at 2.

Notably, at this point, Defendant has not requested a second deposition of Plaintiffs' expert at issue. Thus, the dispute Plaintiffs ask this court to address has not occurred yet. As both sides recognize, Rule 30 requires a party to obtain leave of court to take a second deposition of any witness who has already been deposed in the case. FED. R. CIV. P. 30(a)(2)(A)(ii). The court cannot, at this time, prejudge whether Defendant would be entitled to such leave or under what circumstances. However, the court cautions both sides that, if either side seeks a second deposition of any witness, it will apply the Rule 30 standard to such a request and will consider whether the need for a second deposition was foreseeable when the first deposition was taken.

Accordingly, the court **DENIES** the motion without prejudice.

SIGNED March 24, 2020

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE