# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

RACHEL MILLER; TEXAS DEMOCRATIC PARTY; DNC SERVICES CORP., d/b/a DEMOCRATIC NATIONAL COMMITTEE; DSCC; and DCCC,

*Plaintiffs*,

v.

RUTH HUGHS, in her official capacity as the Texas Secretary of State,

*Defendant.*

CIVIL ACTION NO. 1:19-cv-01071

## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF MOTION TO DISMISS

Since the beginning of this case, Plaintiffs have relied heavily on the district court opinion holding Florida's ballot order statute unconstitutional. *See Jacobson v. Lee*, 411 F. Supp. 3d 1249 (N.D. Fla. 2019). Indeed, it is relied upon so extensively that it is listed as a *passim* citation in their response to the Secretary's motion to dismiss. *See* ECF 36 at 3, 6–8, 13, 19, 20, 22. Last week, the U.S. Court of Appeals for the Eleventh Circuit vacated the judgment against the Florida Secretary of State and remanded with instructions to dismiss for lack of jurisdiction. *See Jacobson v. Florida Secretary of State*, No. 19-14552, — F.3d —, 2020 WL 2049076, at *14 (11th Cir. Apr. 29, 2020). The Secretary alerts the Court to this new decision, which adopted many of the arguments the Secretary has made in this case.

After relying on the district court opinion so heavily, Plaintiffs should not be heard to argue that the Eleventh Circuit opinion is distinguishable. Such an argument would be meritless. The Florida plaintiffs were represented by the same law firm (and many of the same lawyers) as Plaintiffs here, and they made the same arguments. *Jacobson* is especially relevant to five key issues in this case.

**Injury in Fact (Voter):** The Eleventh Circuit held that a voter lacked standing because she had not "identif[ied] any difficulty in voting for her preferred candidate or otherwise participating in the political process." *Id.* at *5. It "disagree[d]" with the voter's argument "that she will be injured if a Democratic candidate for whom she votes loses an election or is at increased risk of losing." *Id.*; *see also* ECF 33 at 9 (making the same argument). It also rejected her "vote dilution" theory of injury. *Jacobson*, 2020 WL 2049076, at *6. Just as the Florida "voters failed to prove that they have suffered or will suffer partisan vote dilution in any particular election," *id.* at *7, Plaintiffs here have not plausibly alleged partisan vote dilution in any particular election. *See* ECF 33 at 12 ("Plaintiffs do not allege that ballot order will be outcome determinative in any particular race.").

**Injury in Fact (Political Groups):** In addition, the Eleventh Circuit held that political groups lacked standing. *See Jacobson*, 2020 WL 2049076, at *7–9. It rejected associational standing for groups that "failed to even allege, much less prove, that they have *any* members" as well as a group that claimed to have members but "failed to identify any of its members, much less one who will be injured by the ballot statute." *Id.* at *7; *see also* ECF 33 at 11 (making the same arguments). The court rejected organizational standing because the political groups had not established what they "would divert resources away *from* in order to spend additional resources on combatting the primacy effect." *Jacobson*, 2020 WL 2049076, at *9; *see also* ECF 33 at 13 (making the same argument). The *Jacobson* plaintiffs also claimed that harm to their "mission of electing Democrats" gave them standing. *Jacobson*, 2020 WL 2049076, at *9. The Eleventh Circuit disagreed—"that harm is not a cognizable injury." *Id.*; *see also* ECF 38 at 6 (arguing Plaintiffs' "interest in electing Democrats" does not support standing).

**Causation and Redressability:** The Eleventh Circuit also held that the plaintiffs "lack[ed] standing because any injury would be neither traceable to the Secretary nor redressable by relief against her." *Jacobson*, 2020 WL 2049076, at *9. The court expressly rejected the argument that "the Secretary's position as 'the chief election officer'" made any difference. *Id.* at *10. Trying to influence non-party

2

local officials through a suit against the Secretary would not solve that jurisdictional problem. *See id.* at *10–11. That analysis applies fully to this case. *See* ECF 33 at 3–8; ECF 38 at 1–3. One of the Eleventh Circuit judges even determined that "Florida's Secretary of State enjoys the same powers and responsibilities as the Texas Secretary." *Jacobson*, 2020 WL 2049076, at *31 (Pryor, J., J., concurring in part and dissenting in part).

**Political Question Doctrine:** In a separate concurrence, Judge W. Pryor concluded that whether "the order in which candidates appear on a ballot confers an impermissible partisan advantage to one party presents a nonjusticiable political question." *Jacobson*, 2020 WL 2049076, at *19 (Pryor, W., J., concurring); *see also* ECF 33 at 15–16 (making the same argument).

**Inapplicability of the *Anderson-Burdick* Framework:** Judge W. Pryor also concluded that the *Anderson-Burdick* framework does not apply to a ballot order statute because such statutes do not impose any burden "on the right to vote *at all*." *Jacobson*, 2020 WL 2049076, at *17 (Pryor, W., J., concurring). Although he analyzed that question in the context of the political question doctrine, he also recognized that "a complaint can both fail to state a constitutional violation *and* be nonjusticiable if there are no judicially discernible and manageable standards to adjudicate it." *Id.* at *19; *see also* ECF 33 at 16–18 (arguing *Anderson-Burdick* does not apply).

\*　　\*　　\*

For these reasons and the reasons included in her previous briefing, the Secretary respectfully requests that the Court dismiss Plaintiffs' Complaint.

Date: May 4, 2020

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Associate Deputy for Special Litigation

MATTHEW H. FREDERICK
Deputy Solicitor General

WILLIAM T. THOMPSON
Special Counsel for Civil Litigation

MICHAEL R. ABRAMS
Assistant Attorney General

DOMINIQUE G. STAFFORD
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-076)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov
matthew.frederick@oag.texas.gov
will.thompson@oag.texas.gov
michael.abrams@oag.texas.gov

**COUNSEL FOR THE TEXAS SECRETARY OF STATE**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 4, 2020, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN