IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2020 AUG 19 PM 4: 12
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| RACHEL MILLER; TEXAS DEMOCRATIC PARTY; DNC SERVICES CORP., D/B/A DEMOCRATIC NATIONAL COMMITTEE; DSCC; AND DCCC,<br>    PLAINTIFFS,<br><br>V.<br><br>RUTH HUGHS, IN HER OFFICIAL CAPACITY AS THE TEXAS SECRETARY OF STATE,<br>    DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CAUSE NO. 1:19-CV-1071-LY<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the court are Plaintiffs' Opposed Motion for Reconsideration filed August 7, 2020 (Doc. #78) and Defendant The Texas Secretary of State's Response to Plaintiffs' Motion for Reconsideration filed August 14, 2020 (Doc. #80). Having considered the motion and response, the court is of the opinion that the motion should be denied.

A motion for reconsideration after judgment is construed as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), which allows a party "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It "cannot be used to raise arguments which could, and should, have been made before the judgment issued and cannot be used to argue a case under a new legal theory." *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607, 610 (5th Cir. 2006). *See also Celanese Corp. v. Martin K. Eby Constr. Co., Inc.*, 620 F.3d 529, 531 (5th Cir. 2010). Reconsideration of final judgment "is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v.*

*Emp'rs Health Ins. Co.,* 101 F. Supp. 463, 465 (E.D. La. 2000)). The court must "strike the proper balance" between "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.* (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990)).

Plaintiffs seek reconsideration based upon manifest error of law and fact. " 'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law' " or "an obvious mistake or departure from the truth." *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir. 2004) and *Bank One, Texas, N.A. v. FDIC,* 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998)). *See also Berezowsky v. Rendon Ojeda,* 652 Fed. Appx. 249, 251 (5th Cir. 2016). Review of the motion reveals that Plaintiffs' motion seeks to reurge arguments raised in response to the motion to dismiss which were thoroughly considered by this court. The court finds that Plaintiffs have not shown why the court committed a manifest error of law in its conclusions. Therefore,

**IT IS ORDERED** that Plaintiffs' Opposed Motion for Reconsideration filed August 7, 2020 (Doc. #78) is **DENIED**.

SIGNED this 19th day of August, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE